MINUTE ENTRY
FELDMAN, J.
November 15, 2000

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 NOV 17  AM 9:58

LORETTA G. WHYTE
         CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

THE UNION CENTRAL LIFE　　　　　　　　*　　　CIVIL ACTION
INSURANCE COMPANY AND ROYAL
MACCABEES LIFE INSURANCE CO.

VERSUS　　　　　　　　　　　　　　　　*　　　NO. 00-0136

CYRUS RATCLIFF, SR., ET AL.　　　　　*　　　SECTION "F"

　　　Before the Court is a motion for a new trial filed by Cyrus Ratcliff, Sr.  In this motion, Cyrus Ratcliff asks the Court to vacate its September 28, 2000 Order granting Misty Ratcliff's motion for summary judgment.  For the reasons that follow, the motion is DENIED.

　　　Rule 59(e) of the Federal Rules of Civil Procedure requires that motions for new trial be filed within ten days of the final judgment.  If the motion is filed after ten days, the Court must consider the motion as a Rule 60(b) motion for relief from judgment.  <u>First Nationwide Bank v. Summer House Joint Venture, et al.</u>, 902 F. 2d 1197, 1200 (5th Cir. 1990); <u>Williams v. Brown & Root, Inc.</u>, 828 F.2d 325, 328 (5 Cir. 1987); <u>Harcon Barge Co. v. D. & G. Boat Rentals Inc.</u>, 784 F.2d 665, 667 (5th Cir. 1986)(en banc).  The Court issued its Order and Reasons granting Misty Ratcliff's motion for summary judgment on September 28,

DATE OF ENTRY
NOV 17 2000

2000. Cyrus Ratcliff filed the present motion on October 11, 2000, which is within ten days of the Court's Order. Thus, the Court will apply the standards set out in Rule 59.

Under Rule 59, the Court has considerable discretion in deciding whether to grant a motion for new trial. See <u>Edward H. Bohlin Co., Inc. v. The Banning Co., Inc.</u>, 6 F.3d 350, 355 (5th Cir.1993). However, Rule 59 motions are usually only granted when the moving party demonstrates a mistake of law or fact or presents newly discovered evidence that was previously unavailable. <u>Dunn v. Consolidated Rail Corp.</u>, 890 F.Supp. 1262 (M.D.La.1995). Moreover, Rule 59 should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See <u>Simon v. United States</u>, 891 F.2d 1154, 1159 (5th Cir.1990).

Ratcliff's arguments in this motion are essentially the same as the arguments that he asserted in his opposition to Misty Ratcliff's motion for summary judgment. There has been no clarification of issues or new evidence that persuades the Court to vacate its earlier judgment.

Accordingly,

IT IS ORDERED: that Cyrus Ratcliff's motion for a new trial be DENIED.

