"Certification of Funds in the Registry"

PRINCIPAL: $84478.32

Financial Deputy: [signature]  Date: DEC 26 2000

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2000 DEC 26 PM 1:02
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE UNION CENTRAL LIFE INSURANCE COMPANY AND ROYAL MACCABEES LIFE INSURANCE CO. | * * * * * | CIVIL ACTION |
| VERSUS | * * | NO: 00-0136 |
| CYRUS RATCLIFF, SR., INDIVIDUALLY AND AS THE TUTOR OF HIS MINOR CHILD, FANCIE RAE LYNN RATCLIFF, KATHERINE D. RATCLIFF, TANNA RATCLIFF GUILLORY, CYRUS RATCLIFF JR. AND MISTY DAWN KENNERSON LODRIGUE RATCLIFF | * * * * * * * * | JUDGE: Martin L. C. Feldman SECTION F  MAGISTRATE: 4 Karen Wells Roby |

## MOTION AND ORDER FOR DISBURSEMENT OF REGISTRY FUNDS IN ACCORDANCE WITH LOCAL RULE 67.3

NOW INTO COURT, through undersigned counsel, comes MISTY DAWN KENNERSON LODRIGUE RATCLIFF, who, with respect, represents as follows:

1.

Pursuant to an Order attached to its Complaint in Interpleader herein, The Union Central Life Insurance Company deposited on January 21, 2000, the sum of $86,000.00 along with accrued interest of $1,027.22 (for a total initial deposit of $87,027.22) into the Registry of this Court. (See Exhibit "A", copy of receipt of deposit.)

DATE OF ENTRY  JAN 19 2001

Fee _____
Process ____
X Dktd ____
CtRmDep ____
Doc.No. ____

2.

On September 20, 2000, an Order For Disbursement Of Registry Funds was signed herein by Judge Martin L. C. Feldman authorizing and directing the Clerk of Court, Loretta Whyte, to draw a check in the amount of $2,548.90 payable to The Union Central Life Insurance Company from the initial proceeds deposited herein reducing the initial deposit into the Registry of this Court from $87,027.22 to $84,478.32. (See Exhibit "B", copy of Order For Disbursement of Registry Funds and check number 13523 for $2,548.90.)

3.

On September 28, 2000, Martin L. C. Feldman, United States District Judge entered an Order and Reasons for Judgment herein in favor of Misty Dawn Kennerson Lodrigue Ratcliff granting her Motion for Summary Judgment and denying the Motion for Summary Judgment filed herein by Cyrus Ratcliff, Sr., Individually and as the tutor of his minor child, Fancie Rae Lynn Ratcliff, Katherine D. Ratcliff, Tanna Ratcliff Guillory and Cyrus Ratcliff, Jr. (See Exhibit "C", copy of Order and Reasons dated September 28, 2000.)

4.

On October 10, 2000, Martin L. C. Feldman, United States District Judge signed a Judgment herein granting the Motion for Summary Judgment filed by Misty Dawn Kennerson Lodrigue Ratcliff and further Ordering that the proceeds of the insurance policies be paid to Misty Dawn Kennerson Lodrigue Ratcliff, as the surviving spouse of Troy Anthony Ratcliff. (See Exhibit "D", copy of Judgment dated October 10, 2000.)

5.

On October 11, 2000, Cyrus Ratcliff, Sr., Individually and as the tutor of his minor child, Fancie Rae Lynn Ratcliff, Katherine D. Ratcliff, Tanna Ratcliff Guillory and Cyrus Ratcliff, Jr. filed herein a Motion and Order For New Trial.

6.

On November 15, 2000, Martin L. C. Feldman, United States District Judge entered a minute entry which was filed herein on November 17, 2000, denying the

Motion For New Trial filed herein by Cyrus Ratcliff, Sr., et al. (See Exhibit "E", copy of Minute Entry dated November 15, 2000.)

7.

Accordingly, Misty Dawn Kennerson Lodrigue Ratcliff moves for an Order authorizing and directing the Clerk of this Court to issue a check for the entire funds remaining on deposit in the Registry of this Court in the original amount of $87,027.22 less $2,548.90 (funds already paid to The Union Central Life Insurance Company) plus all interest earned, less the assessment fee for the administration of the funds, payable to Misty Dawn Kennerson Lodrigue Ratcliff c/o her attorney of record, Leo J. Landry, Jr., Post Office Box 2018, Morgan City, Louisiana 70381-2018; Social Security Number of Misty Dawn Kennerson Lodrigue Ratcliff is 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 and mail said check to Misty Dawn Kennerson Lodrigue Ratcliff's attorney of record, Leo J. Landry, Jr. at Post Office Box 2018, Morgan City, Louisiana 70381-2018.

RESPECTFULLY SUBMITTED BY:

_____
LEO J. LANDRY, JR. (Bar 7990)
Attorney for Misty Dawn Kennerson
Lodrigue Ratcliff
P. O. Box 2018
415 Everett Street
Morgan City, LA 70381-2018
TEL: (504) 384-4664
FAX: (504) 384-4665

4.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion And Order For Disbursement Of Registry Funds has been served upon counsel for all parties to this proceeding, by mailing the same to each by First Class, United States Mail, properly addressed and postage pre-paid on this 22nd day of December, 2000.

_____
LEO J. LANDRY, JR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE UNION CENTRAL LIFE INSURANCE COMPANY AND ROYAL MACCABEES LIFE INSURANCE CO. | * * * * * | CIVIL ACTION |
| VERSUS | * * | NO: 00-0136 |
| CYRUS RATCLIFF, SR., INDIVIDUALLY AND AS THE TUTOR OF HIS MINOR CHILD, FANCIE RAE LYNN RATCLIFF, KATHERINE D. RATCLIFF, TANNA RATCLIFF GUILLORY, CYRUS RATCLIFF JR. AND MISTY DAWN KENNERSON LODRIGUE RATCLIFF | * * * * * * * * | JUDGE: Martin L. C. Feldman SECTION F  MAGISTRATE: 4 Karen Wells Roby |

## ORDER FOR DISBURSEMENT OF REGISTRY FUNDS

Considering the foregoing Motion,

IT IS HEREBY ORDERED THAT:

The Honorable Clerk of Court, Loretta Whyte, is hereby authorized and directed to draw a check for the entire funds remaining on deposit in the Registry of this Court (principal amount of $87,027.22 less $2,548.90 previously paid from the funds on deposit to The Union Central Life Insurance Company) plus all interest earned, less the assessment fee for the administration of the funds, payable to Misty Dawn Kennerson Lodrigue Ratcliff (Social Security Number: 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) and mail or deliver the check to her attorney of record, Leo J. Landry, Jr., Post Office Box 2018, Morgan City,

Louisiana 70381-2018.

New Orleans, Louisiana this 5th day of ~~December, 2000~~ January 2001.

_____
HONORABLE MARTIN L. C. FELDMAN,
UNITED STATES DISTRICT JUDGE

6.

```
Fri Jan 21 15:11:35 2000

    UNITED STATES DISTRICT COURT
    NEW ORLEANS    , LA

Receipt No.    280 257632
Cashier           wmf

Tender Type  CHECK

Check Number: 4908000917

Transaction Type   BC

DC Code    Div No       Acct
 4634         2         604786

Amount                $ 87027.20

PER ORDER DATED 1/28/00. POSTED BY: UN
ION CENTRAL
```

```
Fri Jan 21 15:11:35 2000

Check No. 4908000917
Amount: 87027.20
Pay to: Federal Reserve Bank or
General Depository for credit to
United States Treasury Symbol 4634
```



EXHIBIT "A"



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNION CENTRAL LIFE INSURANCE CO., AND ROYAL MACCABEES LIFE INSURANCE COMPANY | * * * * | CIVIL ACTION |
| VERSUS | * * | NUMBER: 00-136 |
| | * | SECTION " F " |
| CYRUS RATCLIFF, SR., INDIVIDUALLY AND AS THE TUTOR OF HIS MINOR CHILD, FANCIE RAE LYNN RATCLIFF, KATHERINE D. RATCLIFF, TANNA RATCLIFF GUILLORY, AND MISTY DAWN KENNERSON LODRIGUE RATCLIFF | * * * * * * | JUDGE: FELDMAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER FOR DISBURSEMENT OF REGISTRY FUNDS**

Considering the foregoing Motion,

IT IS HEREBY ORDERED THAT:

The Honorable Clerk of Court, Loretta Whyte, is authorized and directed to draw a check in the amount of $2,548.90 [Principal Only] payable to The Union Central Life Insurance Company (P. O. Box 40888, Cincinnati, Ohio, 45240; Tax ID Number: 31-0472910) with said proceeds

to be paid out of funds deposited into the Registry of the Court on January 21, 2000, for which was issued Receipt No. 200 257632. The Honorable Clerk of Court, Loretta Whyte, is also directed to mail the check to The Union Central Life Insurance Company's attorney of record, Robert L. Walsh, at Jones Walker, 49th Floor, 201 St. Charles Avenue, New Orleans, Louisiana, 70170-5100.

New Orleans, Louisiana, this 20th day of September, 2000.

*Martin L.C. Feldman*
**Judge Feldman**

RECEIVED CHECK NO. 13523
IN THE AMOUNT OF $25,948.90
*[signature]* 9/25/00

N0427755 1

13523

THIS CHECK MUST BE PRESENTED FOR PAYMENT
WITHIN ONE (1) YEAR FROM DATE OF ISSUE

NEW ORLEANS, LA.   DATE September 22, 2000    14-17/650 100

PAY TO THE ORDER OF ———The Union Central Life Insurance Company——— $2,548.90

————Two Thousand Five Hundred Forty Eight & 90/100———————DOLLARS

**WHITNEY** Whitney National Bank
New Orleans, Louisiana

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
CLERK

*Loretta Whyte*

BY _____ DEPUTY CLERK

⑈013523⑈ ⑉065000171⑉: 210281111⑈

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
gjd

DETACH AND RETAIN THIS STATEMENT
THE ATTACHED CHECK IS IN PAYMENT OF ITEMS DESCRIBED BELOW.
IF NOT CORRECT PLEASE NOTIFY US PROMPTLY. NO RECEIPT REQUIRED.

DELUXE FORM DVCP-2 V-SPL LV365

RE:  Union Central Life Ins.,
     et al
     Versus
     Cyrus Tatcliff, Sr., et al

     00-0136 "F" Civil

Amount Being Disbursed from Registry    $2,548.90

Principal Only

Per ORDER of Judge Feldman dated 9/20/00

UNLESS THIS CHECK IS PRESENTED FOR PAYMENT WITHIN ONE YEAR AFTER DATE OF ISSUE. IT SHOULD BE SENT DIRECT
TO THE CLERK OF THE UNITED STATES DISTRICT COURT WITH REQUEST FOR PAYMENT IN AC- CORDANCE WITH ORDER OF
COURT DATED NOVEMBER 15, 1948.

LV365



EXHIBIT "C"

SEP 2 8 2000

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2000 SEP 28 PM 12:50
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE UNION CENTRAL LIFE INSURANCE COMPANY, ET AL | * | CIVIL ACTION |
| VERSUS | * | NO. 00-136 |
| CYRUS RATCLIFF, SR., ET AL | * | SECTION "F" |

### ORDER AND REASONS

Before the Court are cross motions for summary judgment by the widow and the parents of Troy Ratcliff. For the reasons that follow, the motion filed by the widow is GRANTED and the motion filed by the parents is DENIED.

### Background

This is a dispute over life insurance and accidental death benefits payable under a group policy obtained by Troy Anthony Ratcliff. Ratcliff was a deputy employed by the Assumption Parish Sheriff's Office. On June 5th, 1999, he was killed in the line of duty in an automobile accident in Assumption Parish. Ratcliff is survived by his wife Misty Dawn Kennerson Lodrigue Ratcliff (Mrs.

DATE OF ENTRY
OCT 2 2000



Ratcliff) and by his parents Cyrus Ratcliff, Jr. and Katherine D. Ratcliff (the parents) and his brothers and sisters.

The benefits at issue are worth $43,000 each. On September 8, 1999, the parents and Mrs. Ratcliff entered into a settlement whereby Mrs. Ratcliff would receive the life insurance proceeds left over after the payment of Troy Ratcliff's outstanding bills.[1] However, at that time of the settlement, the parties were unaware of the accidental death benefit and believed that the monies involved were only the $43,000 from the life insurance benefit. When the parents discovered that the total proceeds were actually $86,000, they refused to go through with the settlement and requested that Mrs. Ratcliff split the total benefits proceeds with them after the bills were paid. The insurance company filed a complaint in interpleader to determine how the proceeds should be paid because more than one party was claiming the proceeds.

In these motions, Mrs. Ratcliff and the parents each assert that they are entitled to some or all of the insurance money. The trial in this matter was set for September 25, 2000, but all parties agreed to have the case resolved on summary judgment motions because the pending issues are ones of law only.

---

[1] The bills included funeral expenses and the remainder of the loan on Ratcliff's truck that was registered in his father's name.

2

I.  <u>Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio.</u>, 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. <u>See</u> <u>id</u>. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. <u>Id</u>. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. <u>See</u> <u>Donaghey v. Ocean Drilling & Exploration Co.</u>, 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress

3

his claims. <u>Id</u>. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. <u>Martin v. John W. Stone Oil Distrib., Inc.</u>, 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. <u>Anderson</u>, 477 U.S. at 255.

II. <u>Application</u>

A. <u>The Settlement Agreement</u>

The Court first addresses the validity of the settlement agreement between Mrs. Ratcliff and the parents. On September 8, 1999, Mrs. Ratcliff and the parents entered into an agreement by which Mrs. Ratcliff would receive the remainder of the life insurance proceeds after the funeral bills and decedent's truck loan were paid. Mrs. Ratcliff asserts that this agreement is binding on the parents because it was their intent that she receive any remaining insurance proceeds after the bills were paid. The Court does not agree and finds that the agreement is not valid because it was the product of error of fact. See <u>Clover Contractors v. James H. Jones-1980</u>, 453 So.2d 983 (La. App. 4th Cir. 1984), <u>writ denied</u>, 459 So.2d 540 (La. 1984) <u>Carlton v. Great American Ins. Co.</u>, 273 So.2d 655 (La. App. 4th Cir. 1972), <u>writ denied</u>, 277 So.2d 442 (La.1973). See also LSA-C.C. Art. 3079. At the time the parties entered into the agreement, they believed that the amount of the insurance benefits was only $43,000. Because the

4

parties consented to the agreement based on a mistaken belief that the proceeds were only $43,000, the agreement is not valid or binding.

## B. The Insurance Benefits

Did Troy Ratcliff designate a beneficiary under the group policy? The parents assert they were the designated beneficiaries. In making this argument, they urge the Court to look beyond the terms of the insurance policy and to consider parole evidence, which they argue will establish that they were the intended beneficiaries. The Court declines to do this. Only when the agreement is unclear, ambiguous, or will lead to absurd consequences, will the Court look beyond the written agreement. <u>Dixie Campers, Inc. v. Vesely Company</u>, 398 So.2d 1087, 1089 (La. 1981); See <u>Commercial Life Ins. Co. v Robinson</u>, 662 So 2d 486, 488 (La. App. 5 Cir 1995).

In this case, the group policy at issue, which covers both the life and accidental death benefits, provides:

> "If at the death of the Certificateholder no beneficiary was named, or if no beneficiary survives the Certificateholder, the amount of insurance will be paid, in a single sum, to his spouse, if living..."

This provision could not be clearer: If there is no designated beneficiary, the surviving spouse receives the insurance proceeds. The Court has no need to look at evidence outside the document to

determine its meaning.² Thus, the Court finds that the proceeds of the policies should be paid to Misty Ratcliff, as the surviving spouse of Troy Ratcliff.³

Accordingly, the motion for summary judgment by Misty Ratcliff is GRANTED. The motion for summary judgment by the parents of Troy Ratcliff is DENIED.

New Orleans, Louisiana, September 28, 2000.

                                                _____
                                                MARTIN L. C. FELDMAN
                                                UNITED STATES DISTRICT JUDGE

---

² Although the Court declines to look at parole evidence in this case, it notes that the administrator for the Sheriff's Office, Jennifer Dolese Falterman, testifies that Troy Ratcliff wanted to change the policy to make his wife the beneficiary. However she did not know the identity of any original beneficiaries because there is no record of the form designating an original beneficiary. The Court also notes that there is no record of a change of beneficiary form which Troy Ratcliff had requested.

³ In the parents' opposition to Mrs. Ratcliff's memorandum, they concede that without a named beneficiary, the "facility of payment" clause, naming the surviving spouse as the beneficiary, would control.

6

```
                                    FILED
                              U.S. DISTRICT COURT
                            EASTERN DISTRICT OF LA

                              2000 OCT 11  AM 8:31

                                LORETTA G. WHYTE
                                     CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THE UNION CENTRAL LIFE INSURANCE           CIVIL ACTION
COMPANY, ET AL.

VERSUS                                     NO. 00-136

CYRUS RATCLIFF, SR., ET AL.                SECTION "F"

## JUDGMENT

For the written reasons of the Court on file herein, accordingly;

IT IS ORDERED, ADJUDGED AND DECREED that there be judgment granting the motion for summary judgment filed by Misty Ratcliff and the proceeds of the policies shall be paid to Misty Racliff, as the surviving spouse of Troy Ratcliff.

New Orleans, Louisiana, this 10TH Day of October, 2000.

_____
UNITED STATES DISTRICT JUDGE

DATE OF ENTRY
OCT 1 2 2000

EXHIBIT
"D"

MINUTE ENTRY
FELDMAN, J.
November 15, 2000

**EXHIBIT "E"**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 NOV 17 AM 9:58

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE UNION CENTRAL LIFE INSURANCE COMPANY AND ROYAL MACCABEES LIFE INSURANCE CO. | * | CIVIL ACTION |
| VERSUS | * | NO. 00-0136 |
| CYRUS RATCLIFF, SR., ET AL. | * | SECTION "F" |

Before the Court is a motion for a new trial filed by Cyrus Ratcliff, Sr. In this motion, Cyrus Ratcliff asks the Court to vacate its September 28, 2000 Order granting Misty Ratcliff's motion for summary judgment. For the reasons that follow, the motion is DENIED.

Rule 59(e) of the Federal Rules of Civil Procedure requires that motions for new trial be filed within ten days of the final judgment. If the motion is filed after ten days, the Court must consider the motion as a Rule 60(b) motion for relief from judgment. <u>First Nationwide Bank v. Summer House Joint Venture, et al.</u>, 902 F. 2d 1197, 1200 (5th Cir. 1990); <u>Williams v. Brown & Root, Inc.</u>, 828 F.2d 325, 328 (5 Cir. 1987); <u>Harcon Barge Co. v. D. & G. Boat Rentals Inc.</u>, 784 F.2d 665, 667 (5th Cir. 1986)(en banc). The Court issued its Order and Reasons granting Misty Ratcliff's motion for summary judgment on September 28,

DATE OF ENTRY
NOV 17 2000

2000.  Cyrus Ratcliff filed the present motion on October 11, 2000, which is within ten days of the Court's Order.  Thus, the Court will apply the standards set out in Rule 59.

Under Rule 59, the Court has considerable discretion in deciding whether to grant a motion for new trial. See <u>Edward H. Bohlin Co., Inc. v. The Banning Co., Inc.</u>, 6 F.3d 350, 355 (5th Cir.1993).  However, Rule 59 motions are usually only granted when the moving party demonstrates a mistake of law or fact or presents newly discovered evidence that was previously unavailable.  <u>Dunn v. Consolidated Rail Corp.</u>, 890 F.Supp. 1262 (M.D.La.1995).  Moreover, Rule 59 should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See <u>Simon v. United States</u>, 891 F.2d 1154, 1159 (5th Cir.1990).

Ratcliff's arguments in this motion are essentially the same as the arguments that he asserted in his opposition to Misty Ratcliff's motion for summary judgment.  There has been no clarification of issues or new evidence that persuades the Court to vacate its earlier judgment.

Accordingly,

IT IS ORDERED: that Cyrus Ratcliff's motion for a new trial be DENIED.

